UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:11-cr-00209-KJM |
| Plaintiff, | ORDER |
| v. | |
| David Romo, | |
| Defendant. | |

The court previously determined defendant David Romo violated conditions of his term of supervised release and upon revocation, in mid-November 2023, committed him to the custody of the Bureau of Prisons for a term of five months. *See* Mins., ECF No. 106. The court allowed voluntary surrender and ordered Romo to self-surrender to begin service of his sentence no later than noon on January 22, 2024. *Id.* The Revocation Judgment and Commitment specifies that Romo must surrender himself "at the institution designated by the Bureau of Prisons" or, "[i]f no such institution has been designated, to the United States Marshal for this district." Revocation J. & Commitment at 2, ECF No. 107.

Romo now applies ex parte to continue the date of his self-surrender to January 26, 2024. ECF No. 108. He says he had not previously received information from the Bureau of Prisons on its designation of the institution where he should self-surrender. *Id.* at 1. His request to continue was based on his counsel's "understanding that self-surrender to the Marshals causes great

inconvenience to both a defendant and the Marshals because a temporary housing must be procured followed by transport arrangements to the designated BOP facility." *Id.* at 2. Apparently on the day Mr. Romo filed his application, he learned BOP has designated him to serve his revocation sentence at the federal facility in Atwater, California. *Id.* The government opposes Mr. Romo's request, citing the terms of the Revocation Judgment and Commitment and expressing its views that surrender to the U.S. Marshals Service for this district will not require "significant travel arrangements." Resp. at 1, ECF No. 110. Moreover, if Mr. Romo is to report to Atwater, that facility is only "approximately a two-hour drive due south" of Sacramento. *Id.*

Romo has not shown he is entitled to relief from this court's previous orders or to reconsideration of the express terms of the Revocation Judgment and Commitment. *See* E.D. Cal. L.R. 430.1(i) (specifying procedures applicable to reconsideration requests); *cf. United States v. Lincoln*, 191 F. App'x 611, 614 (9th Cir. 2006) (unpublished) (stating district courts have discretion to reconsider their revocation orders); *United States v. Key*, No. 01-1235, 2007 WL 9735738, at *4 (S.D. Cal. July 9, 2007) (declining to reconsider revocation based on a review of applicable factors in 18 U.S.C. § 3553(a)).

The ex parte application is **denied**. This order resolves ECF No. 108.

IT IS SO ORDERED.

DATED: January 18, 2024.

CHIEF UNITED STATES DISTRICT JUDGE